Rich Willie (Bar No. 16987)
David H. Culmer (Bar No. 13456)
**WW PARTNERS, LLC**
8941 South 700 East, Suite 202
Sandy, Utah 84070
Telephone: (208) 241-9691
rich@wwpartners.co
david@wwpartners.co

Thomas L. Lingard (Utah Bar No. 16879)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
tlingard@rqn.com

*Attorneys for Plaintiff*
*Sunstone Engineering, LLC*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| SUNSTONE ENGINEERING, LLC, a Utah limited liability company, | **COMPLAINT** |
|     Plaintiff, | |
| v. | |
| PEPE TOOLS, INC., an Oklahoma corporation, d/b/a PEPETOOLS, INC., | Case No. 2:24-cv-00334-DAK |
|     Defendant. | Judge: Hon. Dale A. Kimball |

Plaintiff Sunstone Engineering, LLC ("**Sunstone**" or "**Plaintiff**"), by and through the law firms WW PARTNERS, LLC and RAY QUINNEY & NEBEKER P.C., hereby complains against Defendant Pepe Tools, Inc., d/b/a Pepetools, Inc. ("**Pepetools**" or "**Defendant**"), and for its claims alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, unfair competition, and trademark dilution under federal law and trademark infringement, trademark dilution, unfair competition, and deceptive trade practices under Utah law.

2.      This action relates to Pepetools' infringement of Sunstone's intellectual property. Specifically, Pepetools is infringing upon two of Sunstone's trademarks: its PERMANENT JEWELRY WELDER mark and the trade dress of the stylus or grip of Sunstone's micro-welder.

3.      Sunstone seeks injunctive relief.

## THE PARTIES

4.      Plaintiff Sunstone is a Utah limited liability company, with its principal place of business at 1693 American Way, Suite 5, Payson, Utah 84651.

5.      On information and belief, Defendant Pepe Tools, Inc., is an Oklahoma corporation doing business as Pepetools, Inc., with its principal place of business at 7601 SW 34th St, Oklahoma City, Oklahoma, 73179.

## JURISDICTION AND VENUE

6.      This action arises under 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c), as well as the statutory and common law of Utah.

7.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) for claims arising under the Lanham Act.

8.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b) for the Utah statutory and common law claims.

9.      The Court has personal jurisdiction over Pepetools because Pepetools has minimum contacts within the State of Utah and in this District. Pepetools regularly conducts business within the State of Utah and in this District. Pepetools has purposefully availed itself of the privileges of conducting business in the State of Utah and in this District. Pepetools has sought protection and benefit from the laws of the State of Utah. Sunstone's causes of action arise directly from Pepetools' business contacts and other activities in the State of Utah and in this District. Pepetools has purposefully injected its infringing products and services into the stream of commerce, knowing that the infringing products would be sold in Utah. Pepetools has engaged in continuous and systematic contacts with the state of Utah. Pepetools has consented to the personal jurisdiction of the courts in the state of Utah. Pepetools has and continues to supply its products and services to customers and partners in Utah.

10.      Additionally, Pepetools has consented to the exclusive personal jurisdiction of this Court and agreed that this action shall be adjudicated before and decided by this Court. The relationship between Pepetools and Sunstone is subject to and governed by Sunstone's Terms and Conditions prominently displayed on Sunstone's website, www.sunstonewelders.com. The Terms and Conditions set forth the agreement of

Pepetools and Sunstone regarding Sunstone's intellectual property at issue herein, as follows:

> All patents, trademarks, copyrights, or other intellectual property rights embodied in the Goods [i.e., goods sold by Sunstone to Pepetools], including without limitation the Software, are owned by Seller [i.e., Sunstone] and its licensors. Seller and its licensors retain all right, title, and interest in such intellectual property rights. Except as expressly set forth herein, no license rights or ownership in or to any of the foregoing is granted or transferred hereunder, either directly or by implication. ALL RIGHTS RESERVED.

*See* Terms and Conditions, §§ 10.3, 1.1, a copy of which is attached hereto as **Exhibit A**. The Terms and Conditions also provide that "any dispute, legal suit, action or proceeding arising out of or relating to this Agreement shall be adjudicated and decided in the federal courts of the United States of America or the courts of the State of Utah in each case located in Salt Lake City and County of Salt Lake City, Utah and each party irrevocably submits to the exclusive and personal jurisdiction of such courts in any such dispute, suit, action or proceeding." *See* Exh. A., Terms and Conditions, § 24.1.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and because the parties entered into a forum selection clause, selecting this District as the appropriate forum.

## FACTUAL BACKGROUND

### Sunstone

12.     Sunstone is the industry and market leader in developing, manufacturing, distributing, and selling micro-welding technologies and products tailored to multiple industries. As the market leader, Sunstone distributes and sells micro-welding technology

throughout the jewelry industry and furthermore helped define, create, and establish the emerging permanent jewelry industry by developing and bringing to market the first ever micro-welder targeted to the permanent jewelry industry. Sunstone employs a full engineering team that develops and continually improves many of the products it manufactures and sells, including micro-welders.

13.     Permanent jewelry refers to a piece of jewelry, commonly a bracelet or necklace, that is secured by welding two ends of the piece together, rather than by using a clasp. A specialized micro-welding device is typically used to create the weld that secures a piece of permanent jewelry.

### Sunstone's Permanent Jewelry Welder Mark

14.     Sunstone filed its trademark application for the PERMANENT JEWELRY WELDER trademark (Serial No. 98088456) with the United States Patent and Trademark Office ("USPTO") on July 17, 2023, a copy of which application is attached hereto as **Exhibit B**.

15.     The first use of the PERMANENT JEWELRY WELDER mark was on or before September 25, 2022, when it appeared on Sunstone's website. On the website it was used within product page titles, such as "Orion mPulse Pulse Arc Welder - The Preferred Permanent Jewelry Welder." Shortly thereafter, on October 3, 2022, the PERMANENT JEWELRY WELDER mark appeared in a printed sales brochure which was distributed at trade shows and other events. The same sales brochure has gone through a number of iterations since then.

16.    Considerable time and effort was expended to update the sales brochure to include the PERMANENT JEWELRY WELDER mark. Considerable time and effort was expended to update the website to include the PERMANENT JEWELRY WELDER mark. Each affected product page within Sunstone's online store was edited to include the PERMANENT JEWELRY WELDER mark in the product page title and within the product description. This task was repeated for each micro-welder Sunstone offers, or four different models: The Zapp, the Zapp Plus, the Orion mPulse, and the Orion PJ.

17.    More broadly, the PERMANENT JEWELRY WELDER mark is used in Sunstone's websites, blogs, printed materials, signage, packaging, videos and digital advertising. It is deliberately added to headlines, product descriptions, promotional copy, video, images and other content. The PERMANENT JEWELRY WELDER mark does not disrupt grammar or readability.

18.    As a general rule, the PERMANENT JEWELRY WELDER mark accompanies the name of the micro-welder in product page titles and headlines on Sunstone's website and the sites of other online marketplaces, such as Amazon. Further, the PERMANENT JEWELRY WELDER mark follows the name of the micro-welder in promotional copy. PERMANENT JEWELRY WELDER is used within promotional material to distinguish Sunstone's micro-welders from other welders. The PERMANENT JEWELRY WELDER mark is seen online, at tradeshows and events, in email campaigns, in physical and digital advertising, on signage, in videos, and in other customer-facing documents.

19.     Sunstone has nationwide common law trademark rights in the PERMANENT JEWELRY WELDER mark through its use of the term PERMANENT JEWELRY WELDER continuously throughout the United States since 2022.

20.     Sunstone sold 10,309 micro-welders under the PERMANENT JEWELRY WELDER mark from September 25, 2022, through March 22, 2024, to purchasers from all fifty states, Canada, Mexico, the United Kingdom, Switzerland, Turkey, Dubai, South Africa, Japan, New Zealand and Australia.

21.     Sunstone's micro-welders are used in a wide variety of applications and industries including actuators, aerospace, automotive, battery welding, defense and military, orthodontics and dental labs, electronics manufacturing, energy and utilities, eyeglass frames, hearing aids, heating and cooling, instrumentation, laboratory, research and development, lighting, surgical tool repair, mold and die repair, motors and coils, nuclear fuel rods, personal protection equipment, RF devices, solar panels and cells, specialty metals, strain gauges thermos-compression bonding, thermocouple welding, and welding automation.

22.     Sunstone's customers include such companies, universities and government agencies as Apple, Boeing, GE, Harley-Davidson, HP, Lockheed Martin, MIT, NASA, and SpaceX. These diverse customers use Sunstone welders for many non-jewelry applications.

23.     Since September 25, 2022, the PERMANENT JEWELRY WELDER mark has been in continuous use, either in marketing materials or on Sunstone's website.

**Sunstone's Stylus Trade Dress Mark**

24.      Sunstone filed its trademark application for the trade dress of the stylus or grip of Sunstone's micro-welder consisting of the five latitudinal, circumferential grooves on the cylindrical body of the stylus near its tip (Serial No. 98393678) ("**Stylus Trade Dress**") with the USPTO on February 6, 2024, a copy of which application is attached hereto as **Exhibit C** and a photograph of which trade dress is attached hereto as **Exhibit D**.

25.      The Stylus Trade Dress is stylistic; its grooves are not functional. The Stylus Trade Dress affects neither the use nor purpose of the stylus. Nor does the Stylus Trade Dress alter the cost or quality of the device. Removing the grooves from the stylus would neither improve nor impair the functionality of the stylus or change its cost. The only purpose of the Stylus Trade Dress is to identify itself as originating from Sunstone.

26.      The Stylus Trade Dress has been used continuously by Sunstone since at least early 2011 when it appeared on the Orion Pulse 150i micro-welder. An example of the use of the Stylus Trade Dress can be seen in a YouTube video[1] Sunstone posted over thirteen years ago to its YouTube channel on February 21, 2011. The video depicts the rapid fire feature of Sunstone's Orion Pulse 150i micro-welder. Prominently displayed in the video is the stylus with the five grooves, the Stylus Trade Dress. Other videos on Sunstone's YouTube channel from that same time also show the Stylus Trade Dress.

---

[1] Sunstone, *Rapid Fire Feature of Orion Pulse 150i Micro-Welder* (Feb. 21, 2011), https://www.youtube.com/watch?v=_nIEBNCsoVI (last visited May 6, 2024).

27.     The Stylus Trade Dress is displayed in Sunstone's online, print, and video media and in live demonstrations. Sunstone's YouTube channel provides years of video examples. Sunstone has exhibited its micro-welders bearing the Stylus Trade Dress in many countries at tradeshows and training meetings. Many online, social media videos illustrating permanent jewelry installation and instruction capture only the stylus, including the Stylus Trade Dress, and the weld spot, not the full micro-welder device, as depicted in Sunstone's February 21, 2011, YouTube video.

28.     Sunstone has long-established nationwide common law trademark rights in the Stylus Trade Dress through its extensive use of the Stylus Trade Dress continuously throughout the United States since 2011.

29.     Sunstone sold 9,004 micro-welders bearing the Stylus Trade Dress mark from September 25, 2022, through March 22, 2024, to purchasers from all fifty states, Canada, Mexico, the United Kingdom, Switzerland, Turkey, Dubai, South Africa, Japan, New Zealand and Australia.

30.     Since at least 2011, the Stylus Trade Dress has been in continuous use by Sunstone, including in connection with sales and marketing of Sunstone's micro-welders via Sunstone's website.

**Sunstone's Investment in its Marks**

31.     Sunstone has invested substantial time, effort and money in advertising and promoting its brands and product names and has developed substantial rights in its marks.

32.     Sunstone has made significant financial investments to build its reputation and establish consumer goodwill and industry respect through its use of the PERMANENT JEWELRY WELDER mark and through the Stylus Trade Dress.

33.     As a result of Sunstone's extensive use, promotion, and investment in the PERMANENT JEWELRY WELDER mark and the Stylus Trade Dress, Sunstone enjoys an excellent reputation, its permanent jewelry products have become the leading brand sold in the United States, and consumers have come to associate these marks with Sunstone and its products. The PERMANENT JEWELRY WELDER mark and the Stylus Trade Dress represent extremely valuable assets belonging exclusively to Sunstone.

34.     Sunstone diligently protects its investment by policing improper or unauthorized use of its trademarks, including in the context of web site content and Internet advertising.

**Pepetools**

35.     Pepetools is a reseller of tools and supplies used in the jewelry industry. In September 2019, Pepetools met representatives of Sunstone at a gem and jewelry trade show in Hong Kong. Pepetools proposed to sell Sunstone's micro-welders as a distributor through its network of customers it had developed in the jewelry industry. By November 2019, Pepetools had started purchasing and reselling Sunstone's micro-welders bearing the Stylus Trade Dress and, beginning in 2022, the PERMANENT JEWELRY WELDER mark through a distributor arrangement. Sunstone has processed over 234 orders from Pepetools for micro-welders.

36.     By early 2023, the statements and behaviors of Pepetools' executives had raised concerns within Sunstone about the nature of its relationship with Pepetools. Sunstone prepared several draft agreements between Sunstone and Pepetools to provide for the protection of Sunstone's intellectual property investments. Pepetools was largely unresponsive to these draft agreements, and Sunstone's concerns. In May 2023, Sunstone terminated its distributor relationship with Pepetools.

### Sunstone's Intellectual Property

37.     The intellectual property investments which Sunstone sought to protect by agreement with Pepetools include over twenty trademarks used in connection with micro-welding and engraving solutions, many of which are widely used across a number of industries such as jewelry, power cell manufacturing, aerospace, automotive, orthodontics and dental labs, and electronics manufacturing. Sunstone has been using those trademarks in connection with these goods and services in the United States for years.

38.     During this time, Sunstone has established itself as the premier authority on micro-weld analysis and expertise, reinforcing the company's position as the go-to experts in micro-welding. As a result of Sunstone's longstanding and exclusive use of the trademarks and the high quality of its goods and services, the trademarks, including the PERMANENT JEWELRY WELDER mark and the Stylus Trade Dress, have become widely known and famous throughout the United States, are closely identified with Sunstone, and represent substantial, valuable goodwill.

**Pepetools' Infringement**

39.     On information and belief, prior to the acts complained of herein, Pepetools was aware of the vast goodwill represented and symbolized in Sunstone's marks, including Sunstone's PERMANENT JEWELRY WELDER mark and the Stylus Trade Dress, and that the public recognizes and relies upon Sunstone's marks as identifying authentic products of Sunstone and distinguishing Sunstone's products from the products of others.

40.     Notwithstanding the aforesaid knowledge, on information and belief, Pepetools recently set upon a course of conduct to misappropriate Sunstone's PERMANENT JEWELRY WELDER mark, the Stylus Trade Dress, and the goodwill associated therewith.

41.     Beginning on October 24, 2023, and continuously since, Pepetools has used the PERMANENT JEWELRY WELDER mark with respect to Pepetools' own products, including its micro-welders. At all times and in all instances, Sunstone's use of the PERMANENT JEWELRY WELDER mark precedes Pepetools' use thereof.

        a.      On October 24, 2023, Pepetools uploaded an unboxing video of Pepetools' welder to Instagram. The video shows "permanent jewelry welder" on the front panel of the welder. (*See* https://www.instagram.com/p/CyysOGVxGHe/). The following Instagram videos also display Pepetools' use of the PERMANENT JEWELRY WELDER mark:

- Oct. 25, 2023: https://www.instagram.com/p/Cy1XlwxxQDT/

- Oct. 27, 2023: https://www.instagram.com/p/Cy7CketpuZy/

- Nov. 7, 2023: https://www.instagram.com/p/CzXNzaqPFXn/

- Nov. 7, 2023: https://www.instagram.com/p/CzXeQU0u1yB/

- Nov. 21, 2023: https://www.instagram.com/p/Cz61xz5PfvO/

- Nov. 26, 2023: https://www.instagram.com/p/C0H69YeS_5U/

- Nov. 29, 2023: https://www.instagram.com/p/C0PYqXYvVPm/

- Jan. 23, 2024:

  https://www.instagram.com/p/C2dnOEcPmQQ/?img_index=1

- Mar. 10, 2024:

  https://www.instagram.com/p/C4WHUB2Swf3/?img_index=1

b.      On November 1, 2023, Pepetools uploaded a video to YouTube entitled "Helix Permanent Jewelry Welder." Included in the video is a welder with the words "Permanent Jewelry Welder" displayed on the front of the welder. The video may be found at https://www.youtube.com/watch?v=iWgjyBZUxtg.

c.      On January 10, 2024, Pepetools uploaded a second video to YouTube that included many video angles showing a welder bearing the words "Permanent Jewelry Welder" on the front of the device. The video may be found at https://www.youtube.com/watch?v=Zik3S80kT84.

d.      Since at least December 5, 2023, Pepetools has marketed and sold its welder on its Pepetools.com website. The first indexed date related to Pepetool's welder bearing the Permanent Jewelry Welder mark on Pepetools' website is December 5, 2023. The url ending is "helix-permanent-jewelry-welder," which matches the product/page title of "Helix Permanent Jewelry Welder." "Permanent

Jewelry Welder" is also prominently displayed on the front of the welder. The webpage may be found at https://web.archive.org/web/20231205020924/https://pepetools.com/products/helix-permanent-jewelry-welder.

42.     Beginning on October 24, 2023, and continuously since, Pepetools has used the Stylus Trade Dress mark with respect to Pepetools' own products and not in association with Sunstone's products, including its micro-welders. At all times and in all instances, Sunstone's use of the Stylus Trade Dress mark precedes Pepetools' use thereof.

a.     On October 24, 2023, Pepetools uploaded an unboxing video to Instagram. The video shows the stylus of Pepetools' welder with five latitudinal, circumferential grooves on the cylindrical body of the stylus near its tip, identical to those appearing in Sunstone's Stylus Trade Dress mark. The video may be found at https://www.instagram.com/p/CyysOGVxGHe/. The following Instagram videos also display Pepetools' use of the Stylus Trade Dress mark:

- Oct. 25, 2023: https://www.instagram.com/p/Cy1XlwxxQDT/

- Nov. 7, 2023: https://www.instagram.com/p/CzXNzaqPFXn/

- Nov. 7, 2023: https://www.instagram.com/p/CzXeQU0u1yB/

- Nov. 21, 2023: https://www.instagram.com/p/Cz61xz5PfvO/

- Nov. 26, 2023: https://www.instagram.com/p/C0H69YeS_5U/

- Nov. 29, 2023: https://www.instagram.com/p/C0PYqXYvVPm/

- Jan. 23, 2024:

  https://www.instagram.com/p/C2dnOEcPmQQ/?img_index=1

- Feb 28, 2024: https://www.instagram.com/p/C36_lWXLSmz/

- Apr. 4, 2024: https://www.instagram.com/reel/C5XG3ghOMgY/

- Apr. 14, 2024: https://www.instagram.com/reel/C5wpSLJOcqk/

- Apr. 23, 2024: https://www.instagram.com/reel/C6Hbv1ryMXS/

b.      On November 1, 2023, Pepetools uploaded a video to YouTube entitled "Helix Permanent Jewelry Welder." Included in the video are close up views of Pepetools' welding stylus clearly showing five grooves on the cylindrical body of the stylus near its tip, identical to those appearing in Sunstone's Stylus Trade Dress mark. The video may be found at https://www.youtube.com/watch?v=iWgjyBZUxtg.

c.      On January 10, 2024, Pepetools uploaded a second video to YouTube that included many video angles showing a welding stylus with five grooves, identical to those appearing in Sunstone's Stylus Trade Dress mark. The video may be found at https://www.youtube.com/watch?v=Zik3S80kT84.

d.      Since at least December 5, 2023, Pepetools has marketed and sold its welder on its Pepetools.com website. The product page for the welder includes at least one photograph prominently displaying the welder's stylus with its five grooves near the tip which are identical to those appearing in Sunstone's Stylus Trade Dress mark. The first indexed date related to Pepetool's welder bearing the Permanent Jewelry Welder mark on Pepetools' website is December 5, 2023. The

webpage            may            be            found            at
https://web.archive.org/web/20231205020924/https://pepetools.com/products/heli
x-permanent-jewelry-welder.

43.     Pepetools' use of the Stylus Trade Dress is stylistic; its grooves are not
functional. Pepetools' use of the Stylus Trade Dress affects neither the use nor purpose of
the stylus. Nor does the Stylus Trade Dress alter the cost or quality of the device. Removing
the grooves from Pepetools' stylus would neither improve nor impair the functionality of
the stylus or change its cost.

44.     Sunstone does not consent to Pepetools' use of either the PERMANENT
JEWELRY WELDER mark or the Stylus Trade Dress mark.

45.     Upon information and belief based upon public information, Pepetools offers
its products through its website https://pepetools.com/, a screenshot of which is attached
hereto as **Exhibit E**.

46.     Upon information and belief based upon public information, Pepetools has
been and is engaged in the business of selling micro-welders via its website. *See*
https://pepetools.com/products/helix-permanent-jewelry-welder, a copy of which is
attached hereto as **Exhibit F**.

47.     Upon information and belief based upon public information, Pepetools is
offering for sale and selling products bearing Sunstone's marks, including Sunstone's
PERMANENT JEWELRY WELDER mark and the Stylus Trade Dress, with the intent to
confuse and mislead the public into believing that Pepetools' products are genuine
Sunstone products or have been sponsored or approved by Sunstone.

48.     In fact, Pepetools' products have not been manufactured, packaged, approved, or sold by Sunstone. Said actions of Pepetools constitute infringement of Sunstone's marks, including Sunstone's PERMANENT JEWELRY WELDER mark and the Stylus Trade Dress.

49.     Pepetools' conduct constitutes passing off or palming off by expressly or impliedly representing that products exhibiting the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, are products from Sunstone or that Pepetools' use of said marks is authorized, which is not true.

50.     Significant consumer confusion concerning the Stylus Trade Dress actually exists or is highly likely. Social media videos, such as from TikTok and YouTube, are shot or edited so that the focus is on a single aspect of a welder: the tip of its stylus, where the weld occurs. The number of views is massive. For example, TikTok views alone for the following hashtags approach 100 million views: permanent bracelet (116 million views), permanent jewelry (92 million views), and forever bracelet (70 million views). Prior to Pepetools' product launch on October 24, 2023, there was no doubt that a Sunstone micro-welder with its Stylus Trade Dress was used to perform such welds because only Sunstones' stylus tips featured the Stylus Trade Dress. Someone watching a video would know that the micro-welder was Sunstone's merely by seeing the Stylus Trade Dress in the video. Because such videos focus only on the tip of the stylus, no label or other aspect of the micro-welder communicates its source to the viewer. Since no other welders or styluses

had those grooves, the Sunstone Trade Dress unquestionably marked the device as originating from Sunstone.

51.     That changed on October 24, 2023, when Pepetools' stylus with five grooves appeared on Instagram and, subsequently, other social media. The following TikTok video highlights this issue: https://www.tiktok.com/@shoptbj/video/7230215516298759466 (13 second mark). This third-party video has 3.5 million views on TikTok, viewers who, until October 24, 2023, would have undoubtedly identified the micro-welder as Sunstone's by the Stylus Trade Dress. Pepetools' infringement of the Stylus Trade Dress mark causes consumer confusion regarding whose welder was used to perform the weld.

52.     Because Pepetools sold Sunstone's products as a distributor from 2019 to 2023, it is likely, if not probable, that consumers are confused between Sunstone's products and services and those of Pepetools, about the source of Sunstone's products and services and those of Pepetools, and regarding whether or not Sunstone and Pepetools, or their goods and services, are affiliated or connected.

53.     Sunstone has been damaged and is likely to be further damaged by Pepetools' wrongful use of Sunstone's marks, including Sunstone's PERMANENT JEWELRY WELDER mark and the Stylus Trade Dress, in that Sunstone has lost control of and suffered harm to its reputation and goodwill and the purchasing public is likely to be induced into purchasing Pepetools' goods, the quality of which is not within Sunstone's control, in the erroneous belief that they are Sunstone's authentic goods or are endorsed, sponsored or approved by Sunstone, which they are not. This damage to Sunstone's reputation and goodwill is irreparable and cannot be quantified.

54.     Sunstone has been further damaged because of a severe drop in sales when Pepetools launched its welder which infringes on Sunstone's PERMANENT JEWELRY WELDER mark and on the Stylus Trade Dress. Unit sales of Sunstone's micro-welders, including of its Zapp™, Zapp Plus™, mPulse and Orion PJ microwelders, for each of the following months are as follows:

| 01/23: | 725 | | 06/23: | 862 | | 11/23: | 396 |
|---|---|---|---|---|---|---|---|
| 02/23: | 502 | | 07/23: | 755 | | 12/23: | 197 |
| 03/23: | 462 | | 08/23: | 796 | | 01/24: | 322 |
| 04/23: | 664 | | 09/23: | 795 | | 02/24: | 260 |
| 05/23: | 509 | | 10/23: | 919 | | 03/24: | 373 |

55.     Pepetools has profited from its wrongful conduct by selling micro-welders to persons in the United States who otherwise would have purchased micro-welders manufactured by Sunstone and bearing the PERMANENT JEWELRY WELDER brand and the Stylus Trade Dress.

**FIRST CAUSE OF ACTION**

**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1125(a))**

56.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

57.     Sunstone owns and uses the PERMANENT JEWELRY WELDER trademark described above and is identified with and has established rights to said mark. *See* Exh. B.

58.     Sunstone owns and uses the Stylus Trade Dress trademark described above and is identified with and has established rights to said mark. *See* Exh. C.

59.     Pepetools' use of the intellectual property owned by Sunstone (as described above), including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, has been and continues to be without authority, license, approval or consent from Sunstone.

60.     Pepetools' use of intellectual property owned by Sunstone in commerce, specifically the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, as described above, is likely to cause confusion, mistake, and deception between Sunstone's and Pepetools' products and services. This includes confusion regarding the differences between Sunstone's and Pepetools' products and services; misleading impressions about the source, origin, sponsorship, or approval of Pepetools' products and services; and false perceptions of an affiliation, connection, and association between Sunstone and Pepetools, which do not exist.

61.     On information and belief based upon public information, Pepetools' use of the intellectual property owned by Sunstone as described above is a deliberate, intentional, and willful attempt to cause confusion, cause mistake, deceive purchasers, exploit the goodwill and reputation associated with Sunstone's intellectual property, and to take a

competitive advantage without the expenditure of resources by a strategy of willful infringement.

62.     Pepetools' wrongful conduct described above constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1125(a).

63.     Specifically, Pepetools' conduct constitutes a use in commerce of a colorable imitation of the PERMANENT JEWELRY WELDER trademark described in Exhibit B in connection with the sale, offering for sale, distribution, and advertising of goods and services, and is likely to cause confusion, to cause mistake, and to deceive.

64.     Additionally, Pepetools' conduct constitutes a use in commerce of a colorable imitation of the Stylus Trade Dress trademark described in Exhibit C in connection with the sale, offering for sale, distribution, and advertising of goods and services, and is likely to cause confusion, to cause mistake, and to deceive.

65.     Pepetools' conduct has irreparably damaged Sunstone and will continue to do so unless restrained by this Court.

66.     Sunstone has no adequate remedy at law if an injunction is not issued, as continued Lanham Act violations by Pepetools will cause additional irreparable injury.

67.     Sunstone is entitled to an injunction under 15 U.S.C. § 1116.

## **SECOND CAUSE OF ACTION**

### **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING REPRESENTATIONS (15 U.S.C. § 1125(a))**

68.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

69.     Sunstone owns and uses the PERMANENT JEWELRY WELDER trademark described above, is identified with, and has established rights to said intellectual property. *See* Exh. B.

70.     Sunstone owns and uses the Stylus Trade Dress trademark described above and is identified with and has established rights to said intellectual property. *See* Exh. C.

71.     Pepetools' use of the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, has been and continues to be without authority, license, approval or consent from Sunstone.

72.     Pepetools' use in commerce of intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, is likely to cause confusion, mistake, and deception between Sunstone's and Pepetools' products and services. This includes confusion and misrepresentations about the source, origin, sponsorship, or approval of Pepetools' products and services; and false impressions of an affiliation, connection, and association between Sunstone and Pepetools which does not exist.

73.     As a result of such confusion, customers are likely to believe incorrectly that Sunstone authorizes and controls the sale of Pepetools' products or that Pepetools is associated with or related to Sunstone, which are not true.

74.     Pepetools' acts have injured or are likely to injure Sunstone's reputation, business, and relations with merchants and customers by causing confusion about and

dissatisfaction with Sunstone's products and services, as well as a loss of sales and market share to Pepetools.

75.    Pepetools' conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

76.    Pepetools' conduct has irreparably damaged Plaintiff and will continue to do so unless restrained by this Court.

77.    Sunstone has no adequate remedy at law if an injunction is not issued, as continued Lanham Act violations by Pepetools will cause additional irreparable injury.

78.    Sunstone is entitled to an injunction under 15 U.S.C. § 1116.

## THIRD CAUSE OF ACTION

### TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

79.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

80.    Sunstone owns and uses the PERMANENT JEWELRY WELDER trademark described above and is identified with and has established rights to said intellectual property. *See* Exh. B.

81.    Sunstone owns and uses the Stylus Trade Dress trademark described above and is identified with and has established rights to said intellectual property. *See* Exh. C.

82.    Pepetools' use of the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress

trademarks, has been and continues to be without authority, license, approval or consent from Sunstone.

83.     Pepetools' use in commerce of the intellectual property owned by Sunstone as described above has caused and continues to cause dilution of the distinctive quality of the PERMANENT JEWELRY WELDER and the Stylus Trade Dress marks. Pepetools' use of the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress marks, is a violation of 15 U.S.C. § 1125(c) because Sunstone's marks are distinctive and famous within the meaning of the statute and Pepetools' use in commerce of the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress marks, began after the PERMANENT JEWELRY WELDER and the Stylus Trade Dress marks became distinctive and famous.

84.     On information and belief based upon public information, Pepetools' engaged in the aforesaid conduct willfully and with the intent to trade on Sunstone's reputation and to cause dilution of Sunstone's famous marks.

85.     Sunstone's Stylus Trade Dress mark, taken as a whole, is not functional and is famous and, to the extent any of the Stylus Trade Dress includes any mark registered on the principal register, the unregistered matter, taken as a whole, is famous separate and apart from any fame of the registered marks.

86.     Pepetools' conduct constitutes a violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

87.     Pepetools' conduct has irreparably damaged Plaintiff and will continue to do so unless restrained by this Court.

88.     Sunstone has no adequate remedy at law if an injunction is not issued, as continued Lanham Act violations by Pepetools will cause additional irreparable injury.

89.     Sunstone is entitled to an injunction under 15 U.S.C. § 1116.

**FOURTH CAUSE OF ACTION**

**TRADEMARK DILUTION**
**(Utah Code § 70-3a-403)**

90.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

91.     Sunstone owns and uses the PERMANENT JEWELRY WELDER trademark described above and is identified with and has established rights to said mark. *See* Exh. B.

92.     Sunstone owns and uses the Stylus Trade Dress trademark described above and is identified with and has established rights to said mark. *See* Exh. C.

93.     Pepetools' use of the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, has been and continues to be without authority, license, approval or consent from Sunstone.

94.     Pepetools' commercial use of the intellectual property owned by Sunstone as described above has caused, and continues to cause, dilution of the distinctive quality of the PERMANENT JEWELRY WELDER and the Stylus Trade Dress marks. Such use by

Pepetools lessens the capacity of Sunstone's marks to identify and distinguish Sunstone's goods and services. Pepetools' use of the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress marks, is a violation of Utah Code § 70-3a-403 because Sunstone's marks are distinctive and famous within the meaning of the statute and Pepetools' use in commerce of the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress marks, began after the PERMANENT JEWELRY WELDER and the Stylus Trade Dress marks became distinctive and famous.

95.     On information and belief based upon public information, Pepetools' engaged in the aforesaid conduct knowingly, in bad faith and with the willful intent to trade on Sunstone's reputation and to cause dilution of Sunstone's famous marks.

96.     Sunstone's Stylus Trade Dress mark, taken as a whole, is not functional and is famous and, to the extent any of the Stylus Trade Dress includes any mark registered on the principal register, the unregistered matter, taken as a whole, is famous separate and apart from any fame of the registered marks.

97.     Specifically, the Stylus Trade Dress mark is famous because the five grooves comprising the mark are not functional. Rather, they serve entirely to identify such micro-welders as Sunstone's. Because the styluses for Sunstone's micro-welders have featured five grooves for well over a decade, customers from all over the world have long since come to associate the Stylus Trade Dress with Sunstone. In this regard, Pepetools could have used a thousand different designs for its stylus, but it chose to copy Sunstone's.

98.     Pepetools' conduct constitutes a violation of Utah Code § 70-3a-403.

99.     Pepetools' conduct has irreparably damaged Plaintiff and will continue to do so unless restrained by this Court.

100.    Sunstone has no adequate remedy at law if an injunction is not issued, as continued violations of Utah Code § 70-3a-403 by Pepetools will cause additional irreparable injury.

101.    Sunstone is entitled to an injunction under Utah Code § 70-3a-403 and § 70-3a-404, an order that Pepetools deliver to Sunstone or to an officer of this Court all counterfeits or imitations of Sunstone's marks in Pepetools' possession or control for destruction, .

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION
### (Utah Code § 13-5a-101 et seq.)

102.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

103.    Sunstone owns and uses the PERMANENT JEWELRY WELDER trademark described above and is identified with and has established rights to said mark. *See* Exh. B.

104.    Sunstone owns and uses the Stylus Trade Dress trademark described above and is identified with and has established rights to said mark. *See* Exh. C.

105.    Pepetools' use of the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress

trademarks, has been and continues to be without authority, license, approval or consent from Sunstone.

106. Pepetools' use in commerce of intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, is likely to cause confusion, mistake, and deception between Sunstone's and Pepetools' products and services; about the source, origin, sponsorship, or approval of Pepetools' products and services; and as to an affiliation, connection, and association between Sunstone and Pepetools which does not exist.

107. On information and belief based upon public information, Pepetools' use of the intellectual property owned by Sunstone as described above is a deliberate, intentional, and willful attempt to cause confusion, cause mistake, deceive purchasers, exploit the goodwill and reputation associated with Sunstone's intellectual property, and to take a competitive advantage without the expenditure of resources by a strategy of willful infringement.

108. Pepetools' intentional business acts or practices as herein alleged are unlawful, unfair or fraudulent; lead to the material diminution in value of Sunstone's intellectual property, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks; and constitute infringement of Sunstone's trademarks.

109. Pepetools' conduct constitutes a violation of Section 13-5a-102 of the Utah Unfair Competition Act.

110. Pepetools' conduct has irreparably damaged Plaintiff and will continue to do so unless restrained by this Court.

## SIXTH CAUSE OF ACTION

### DECEPTIVE TRADE PRACTICES
### (Utah Code § 13-11a-1 et seq.)

111.   Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

112.   Sunstone owns and uses the PERMANENT JEWELRY WELDER trademark described above and is identified with and has established rights to said mark. *See* Exh. B.

113.   Sunstone owns and uses the Stylus Trade Dress trademark described above and is identified with and has established rights to said mark. *See* Exh. C.

114.   Pepetools' conduct constitutes passing off or palming off by expressly or impliedly representing that products exhibiting the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, are products from Sunstone or that Pepetools' use of said marks is authorized, which is not true.

115.   Pepetools' use in commerce of intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, is likely to cause confusion, misunderstanding, mistake, and deception between Sunstone's and Pepetools' products and services; about the source, origin, sponsorship, or approval of Pepetools' products and services; and as to an affiliation, connection, and association between Sunstone and Pepetools which does not exist.

116.   Pepetools' conduct constitutes a violation of Utah Code § 13-11a-3.

117. Pepetools' conduct has irreparably damaged Plaintiff and will continue to do so unless restrained by this Court.

118.

## SEVENTH CAUSE OF ACTION

### COMMON LAW TRADEMARK INFRINGEMENT
### UNDER UTAH LAW

119. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

120. Sunstone owns and uses the PERMANENT JEWELRY WELDER trademark described above and is identified with and has established rights to said mark. *See* Exh. B.

121. Sunstone owns and uses the Stylus Trade Dress trademark described above and is identified with and has established rights to said mark. *See* Exh. C.

122. As a result of Sunstone's longstanding and exclusive use of the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks and the high quality of its goods and services, the trademarks have become so widely known and famous throughout the United States and throughout the trades and industries served by Sunstone and so closely identified with Sunstone and its products that Sunstone's marks have come to mean that such articles are Sunstone's products.

123. Pepetools' use of the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress

trademarks, has been and continues to be without authority, license, approval or consent from Sunstone.

124.    Pepetools' use in commerce of intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, is likely to cause confusion, mistake, and deception between Sunstone's and Pepetools' products and services; about the source, origin, sponsorship, or approval of Pepetools' products and services; and as to an affiliation, connection, and association between Sunstone and Pepetools which does not exist.

125.    On information and belief based upon public information, Pepetools' use of the intellectual property owned by Sunstone as described above is a deliberate, intentional, and willful attempt to cause confusion, cause mistake, deceive purchasers, exploit the goodwill and reputation associated with Sunstone's intellectual property, and to take a competitive advantage without the expenditure of resources by a strategy of willful infringement.

126.    Pepetools' conduct constitutes a use in commerce of a colorable imitation of the PERMANENT JEWELRY WELDER trademark described in Exhibit B in connection with the sale, offering for sale, distribution, and advertising of goods and services, and is likely to cause confusion, to cause mistake, and to deceive.

127.    Pepetools' conduct constitutes a use in commerce of a colorable imitation of the Stylus Trade Dress trademark described in Exhibit C in connection with the sale, offering for sale, distribution, and advertising of goods and services, and is likely to cause confusion, to cause mistake, and to deceive.

128.   Pepetools' conduct has irreparably damaged Sunstone and will continue to do so unless restrained by this Court.

129.   Sunstone has no adequate remedy at law if an injunction is not issued, as continued infringement by Pepetools will cause additional irreparable injury.

130.   Sunstone is entitled to an injunction.

## EIGHTH CAUSE OF ACTION

### COMMON LAW UNFAIR COMPETITION
### UNDER UTAH LAW

131.   Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

132.   Sunstone owns and uses the PERMANENT JEWELRY WELDER trademark described above and is identified with and has established rights to said mark. *See* Exh. B.

133.   Sunstone owns and uses the Stylus Trade Dress trademark described above and is identified with and has established rights to said mark. *See* Exh. C.

134.   Pepetools' use of the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, has been and continues to be without authority, license, approval or consent from Sunstone.

135.   Pepetools' wrongful use of the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, constitutes unfair competition under Utah common law.

136.   Pepetools' conduct constitutes passing off or palming off by expressly or impliedly representing that products exhibiting the intellectual property owned by Sunstone as described above, including the PERMANENT JEWELRY WELDER and the Stylus Trade Dress trademarks, are products from Sunstone or that Pepetools' use of said marks is authorized, which is not true.

137.   Pepetools' acts have injured or are likely to injure Sunstone's reputation, business, and relations with merchants and customers by causing confusion about and dissatisfaction with Sunstone's products and services, as well as a loss of sales and market share to Pepetools.

138.   Pepetools' conduct has irreparably damaged Sunstone and will continue to do so unless restrained by this Court.

139.   Sunstone has no adequate remedy at law if an injunction is not issued.

140.   Sunstone is entitled to an injunction.

## JURY DEMAND

141.   Pursuant to Federal Rule of Civil Procedure 38, Sunstone demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

142.   Sunstone respectfully requests the following relief against Pepetools:

a.   An adjudication that Pepetools has violated 15 U.S.C. § 1125(a);

b.   An adjudication that Pepetools has violated 15 U.S.C. § 1125(c);

c.   Entry of a preliminary injunction against Pepetools pursuant to 15 U.S.C. § 1116;

d.  Entry of a permanent injunction against Pepetools pursuant to 15 U.S.C. § 1116;

e.  An award to Sunstone of its attorneys' fees and costs incurred in the prosecution of this action pursuant to 15 U.S.C. § 1117(a);

f.  An adjudication that Pepetools has violated Utah Code § 70-3a-403;

g.  An adjudication that Pepetools has violated Utah Code § 13-5a-101 et seq.;

h.  An adjudication that Pepetools has violated Utah Code § 13-11a-1 et seq.;

i.  An adjudication that Pepetools has infringed upon Sunstone's trademarks under Utah common law;

j.  An adjudication that Pepetools has unfairly competed under Utah common law;

k.  Entry of a preliminary injunction against Pepetools pursuant to Utah Code §§ 70-3a-403 and 70-3a-404;

l.  Entry of a permanent injunction against Pepetools pursuant to Utah Code §§ 70-3a-403 and 70-3a-404;

m.  An award to Sunstone of its attorneys' fees and costs incurred in the prosecution of this action pursuant to Utah Code § 70-3a-404;

n.  An Order enjoining Pepetools from using Sunstone's PERMANENT JEWELRY WELDER mark;

o.  An Order enjoining Pepetools from using Sunstone's Stylus Trade Dress mark;

p.  An award to Sunstone of its attorneys' fees and costs incurred in the prosecution of this action pursuant to Utah Code § 13-11a-4;

q.  Attorney fees and costs;

r.  Any further relief that this Court deems just and proper.


Dated: May 9, 2024                    Respectfully submitted,

                                      _____/s/ Rich Willie_____
                                      *(Signed by David Culmer with permission of Rich Willie)*

                                      Rich Willie (Utah Bar No. 16987)
                                      David H. Culmer (Utah Bar No. 13456)
                                      **WW PARTNERS, LLC**
                                      8941 South 700 East, Suite. 202
                                      Sandy, Utah 84070
                                      Telephone: (208) 241-9691
                                      rich@wwpartners.co
                                      david@wwpartners.co

                                      Thomas L. Lingard (Utah Bar No. 16879)
                                      **RAY QUINNEY & NEBEKER P.C.**
                                      36 South State Street, Suite 1400
                                      P.O. Box 45385
                                      Salt Lake City, Utah 84145-0385
                                      Telephone: (801) 532-1500
                                      tlingard@rqn.com

                                      ***Attorneys for Plaintiff, Sunstone Engineering, LLC***